# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60275
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2016

Lyle W. Cayce
Clerk

RAMON J. JEANMARIE; SHEILA A. JEANMARIE,

Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeal from the Decision
of the United States Tax Court
Tax Court No. 25533-13

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

The IRS issued a notice of deficiency to Ramon J. and Sheila A. Jeanmarie based on their failure to include Mr. Jeanmarie's disability benefit payments in their taxable income for tax year 2009. The Jeanmaries filed a petition in Tax Court challenging the notice of deficiency, but the petition was dismissed after they failed to pay the filing fee. The IRS assessed the taxes

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60275

determined in the notice of deficiency and demanded payment. After the Jeanmaries did not pay the assessed taxes, the IRS sent them a notice of intent to levy. The Jeanmaries responded with a request for a collection due process (CDP) hearing to challenge the proposed levy. In their request, they asserted that Mr. Jeanmarie's "[p]ension is tax exempt under section 106 and clarified further by legislative intent which never [has] been reviewed along with other relevant facts not reviewed."

The Appeals Officer, Joe Alvarado, sent the Jeanmaries a letter outlining the CDP process and scheduling a telephone conference. When the Appeals Officer called the Jeanmaries at the scheduled time, they were unavailable. The Jeanmaries insisted that they were entitled to a face-to0face hearing to challenge their underlying tax liability and that they were not required to complete any forms or provide any requested financial information to discuss collection alternatives.

The IRS Office of Appeals issued a notice of determination upholding the proposed levy. The Jeanmaries appealed the notice of determination to the Tax Court. The Tax Court held that the Appeals Officer had not abused his discretion in sustaining the levy because the Appeals Officer verified that the applicable legal and procedural requirements for the levy had been met and the Jeanmaries had not provided any evidence to dispute the Appeals Officer's determination that the levy properly balanced the government's need for collection with the legitimate concern that the collection be no more intrusive than necessary. The Tax Court explained that the Jeanmaries could not contest their underlying tax liability for 2009 because they had forfeited their opportunity to contest the notice of deficiency in the Tax Court by failing to pay the required filing fee. The Tax Court also pointed out that the Jeanmaries were estopped from raising the issue of whether Mr. Jeanmarie's disability

2

benefit payments were taxable, because they had litigated that issue and lost in two previous cases.

On appeal, the Jeanmaries argue that the case was not ripe for review because they were denied a face-to-face hearing and, therefore, the Tax Court lacked jurisdiction; the Appeals Officer abused his discretion by failing to grant them a face-to-face hearing; and they were denied due process. Their arguments have no merit.

The only issue that the Jeanmaries sought to raise at the requested face-to-face hearing was the taxability of Mr. Jeanmarie's disability benefits. But the law does not allow them to challenge their underlying tax liability in a CDP hearing if they had a previous opportunity to do so. 26 U.S.C. § 6330(c)(2)(B). The Jeanmaries clearly had such an opportunity when they petitioned the Tax Court in response to the original 2009 notice of deficiency, but they forfeited that opportunity by failing to pay the filing fee. The Jeanmaries were not entitled to a face-to-face CDP hearing when the only argument they sought to raise at such a hearing was a challenge to their underlying tax liability. Treas. Reg. § 301.6330-1(d)(2) (Q&A-D6). Because the Jeanmaries failed to raise any non-frivolous arguments and failed to provide requested documentation to discuss collection alternatives, the Appeals Officer did not abuse his discretion in not holding a face-to-face hearing. The Jeanmaries received all of the process they were due.

The judgment of the Tax Court is AFFIRMED.

The motion of appellant Ramon J. Jeanmarie to supplement the record on appeal with the record from prior appeal no. 07-60971 (Tax Court No. 8197-07) is DENIED.

The motion of appellant Ramon J. Jeanmarie to order the Tax Court to furnish him with a copy of the audio recording of the proceedings in this case is DENIED.